UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MONTE LEE BURCH,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 2:17-cv-00656-MMD-VCF

ORDER

Before the Court are Petitioner's motion for leave to conduct discovery ("Motion") (ECF No. 22), Respondents' opposition (ECF No. 25), and Petitioner's reply (ECF No. 27). The Court denies Petitioner's Motion because it is unclear now whether Petitioner can receive relief on the claim that would be affected by the discovery.

The court may authorize discovery upon a showing of good cause. Rule 6, Rules Governing Section 2254 Cases in the United States District Courts. "'[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.'" *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

Petitioner seeks discovery regarding ground 3. Petitioner claims that trial counsel either did not convey a favorable plea offer from the prosecution to him or advised Petitioner inappropriately to decline the offer. (ECF No. 19 at 15-17); *see also Missouri v. Frye*, 566 U.S. 134 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012). Petitioner asks the

Court to authorize discovery to obtain records from the prosecution's office about any plea offers, to depose any prosecutors or former prosecutors who represented the prosecution in his case, and any other reasonable discovery. (ECF No. 22 at 2.)

At this point in the proceedings, it is unclear whether Petitioner can receive any relief on ground 3 because that ground appears to be untimely under 28 U.S.C. § 2244(d)(1)(A). The Nevada Supreme Court affirmed the judgment of conviction on direct appeal on March 17, 2011. (ECF No. 19 at 6-7.) The judgment of conviction became final with the expiration of time to file a petition for a writ of certiorari in the Supreme Court of the United States on June 15, 2011. 147 days later, on November 9, 2011, Petitioner filed a post-conviction habeas corpus petition in the state district court. (*Id.* at 7.) The pending state post-conviction proceedings tolled the one-year period under 28 U.S.C. § 2244(d)(2). The state post-conviction proceedings concluded on November 15, 2016, when the Nevada Supreme Court issued its remittitur after the Nevada Court of Appeals had affirmed the denial of the petition. (*Id.* at 9.) 90 days after issuance of the remittitur, on February 13, 2017, Petitioner effectively commenced this action when he mailed his original, *pro se* petition (ECF No. 7) to the Court. A total of 237 non-tolled days had passed, and the original petition is timely. The mailing of the original petition does not stop the one-year period from running. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). The Court appointed counsel to represent Petitioner. (ECF No. 6.) 595 days after issuance of the remittitur, on July 3, 2018, Petitioner filed his amended petition (ECF No. 19). A total of 742 non-tolled days had passed, and the grounds in the amended petition will need to relate back to the original petition to be timely.

An amended habeas corpus petition "does not relate back (and thereby escape [28 U.S.C. § 2244(d)(1)'s] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Relation back is allowed "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . . ." (*Id.* at 664.)

1        Ground 3 does not appear to relate back. The Court has reviewed Petitioner's original petition (ECF No. 6). The Court cannot find any allegations about a plea offer, let alone deficient performance by counsel about that plea offer, anywhere in the original petition. Petitioner asserts claims of ineffective assistance of counsel in the original petition, but those claims have nothing to do with any possible plea offer. Ground 3 could not relate back to those claims. *See Schneider v. McDaniel*, 674 F.3d 1144, 1150-52 (9th Cir. 2012).

       Under these circumstances, granting leave to conduct discovery is at least premature, and possibly futile. The Court first needs to determine whether ground 3 can survive. The Court will deny the Motion and direct Respondents to file a response to the amended petition. If ground 3 survives a motion to dismiss, then Petitioner may renew his motion for leave to conduct discovery.[1]

       It is therefore ordered that Petitioner's motion for leave to conduct discovery (ECF No. 22) is denied.

       It is further ordered that Respondents will have 45 days from the date of entry of this order either to file a motion to dismiss or to file a notice that they will not file a motion to dismiss. If Respondents file a motion to dismiss, then they must raise all potential affirmative defenses that exist at the time in the initial responsive pleading, including lack of exhaustion, procedural default, and untimeliness.

       It further is ordered that if Respondents file and serve a motion to dismiss, then Petitioner will have 45 days from the date of service of the motion to file a response to the motion. Respondents then will have 21 days from the date of service of the response to file a reply.

///

///

---

[1] The Court assumes that Respondents will file a motion to dismiss, because Petitioner admits in the amended petition that he has not exhausted all of his grounds for relief in the state courts. Given that Petitioner likely will want to renew his discovery motion if Respondents do not move to dismiss ground 3, the Court will depart from its usual practice of directing responses to a petition.

It further is ordered that if Respondents file a motion to dismiss but do not move to dismiss ground 3, then Petitioner will have 21 days from the date of service of the motion to renew his motion for leave to conduct discovery. In such a circumstance, the Court's objective would be to resolve the motion to dismiss and the motion for leave to conduct discovery simultaneously.

It further is ordered that if Respondents file a notice that they will not file a motion to dismiss, then Petitioner will have 21 days from the date of service of the notice to renew his motion for leave to conduct discovery.

DATED THIS 18th day of March 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE