UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| MONTE LEE BURCH, | Case No. 2:17-cv-00656-MMD-VCF |
|---|---|
| Petitioner, | ORDER |
| v. | |
| RENEE BAKER, et al., | |
| Respondents. | |

**I.  SUMMARY**

This is a habeas corpus action under 28 U.S.C. § 2254. Before the Court is Respondents' motion to dismiss Monte Lee Burch's Amended Petition (the "Motion") (ECF No. 34).[1] The Court finds that some grounds of the Amended Petition are untimely and that Burch has not exhausted some grounds for relief. The Court thus grants the Motion in part and denies it in part.

**II.  BACKGROUND**

After a jury trial in state district court, Burch was convicted of six counts of sexual assault with a minor, one count of lewdness with a minor, and one count of attempted sexual assault with a minor. (ECF No. 35-39.) P.R. was the minor. P.R.'s mother was Shawna, who was Burch's girlfriend at the time. Burch appealed, and the Nevada Supreme Court affirmed. (ECF No. 35-40.)

Burch then filed a proper-person post-conviction habeas corpus petition in state district court. (ECF No. 36-19.) The state district court appointed counsel, who filed a

///

---
[1] The Court has reviewed Petitioner's opposition (ECF No. 43) and Respondents' reply (ECF No. 50).

supplement to the petition. (ECF No. 36-35.) The state district court held an evidentiary hearing. (ECF No. 37-2.) After the evidentiary hearing, counsel filed another supplement to the petition. (ECF No. 37-4.) The state district court then denied the petition. (ECF No. 37-7.) Burch appealed. The Nevada Court of Appeals affirmed. (ECF No. 37-26.)

## III. DISCUSSION

### A. TIMELINESS

Burch had one year from the date his judgment of conviction became final to file a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2254, § 2244(d)(1)(A). The judgment became final when the time to petition the Supreme Court of the United States for a writ of certiorari expired. *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009).

The time that Burch spent on his state post-conviction habeas corpus petition does not count toward the federal one-year period. 28 U.S.C. § 2244(d)(2). That tolling ended after the Nevada Supreme Court issued its remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

Burch mailed his initial, proper person petition (ECF No. 7) to the Court on February 13, 2017. It is timely under 28 U.S.C. § 2244(d)(1). Burch filed his counseled Amended Petition on July 3, 2018 (ECF No. 19), after the one-year period had expired. The grounds in the Amended Petition will need to relate back to the grounds in the initial petition.

An amended habeas corpus petition "does not relate back (and thereby escape [§ 2244(d)(1)'s] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Relation back is allowed "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . . ." *Id*. at 664.

Respondents argue that grounds three, four, five six(C), and part of eight do not relate back and are untimely. The Court agrees with Respondents on some of the grounds.

///

///

///

### 1. Ground three is not timely

In ground three, Burch claims that trial counsel failed to convey favorable plea offers.[2] Respondents argue that no such facts appear in the initial petition. Burch does not dispute this. Instead, Burch argues that the period of limitations started later—and might not yet have started under 28 U.S.C. § 2244(d)(1)(D) because he does not know all the facts about the plea offers. The statute of limitations begins to run under § 2244(d)(1)(D) when a person knows the "vital facts" of a claim or could have discovered it through reasonable due diligence. *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (citations and footnotes omitted). Under § 2244(d)(1)(D), ground three could be timely if (1) the details of the plea offers are vital facts and (2) through the exercise of due diligence Burch could have learned those vital facts no earlier than a year before he filed the Amended Petition.

Burch litigated this claim in his state post-conviction habeas corpus proceedings. The issue came up during the state-court evidentiary hearing on June 5, 2015. (ECF No. 37-2 at 8-9, 10-11, 12) (rough draft transcript with four pages of transcript per sheet of paper). Burch briefed the issue in a post-hearing supplement. (ECF No. 37-4.) Then the parties argued the issue at another hearing. (ECF No. 37-6.) Even if the specific details are not known, counsel and the prosecutor agreed that the typical offer before the preliminary hearing was to plead guilty to two counts with sentences of 2 years to 20 years each. The offer after the preliminary hearing but before trial had a life sentence. However, the vital facts of ground three were not what the details of the plea offers were, but whether counsel had told Burch about the offers. On those facts, the state district court denied the claim, crediting trial counsel's testimony that he communicated the offers to Burch and recommended accepting them; the trial court discredited Burch's testimony. (ECF No. 37-

///

---

[2]The title of ground three states in the alternative that trial counsel failed to advise petitioner appropriately about the plea offers. (ECF No. 19 at 15.) However, the body of ground three contains only allegations that trial counsel did not inform petitioner about the plea offers. (*Id.*)

3

7 at 9-10.) The Nevada Court of Appeals affirmed for the same reasons. (ECF No. 37-26 at 3-4.)

Furthermore, whatever the vital facts of ground three are, for the purposes of § 2244(d)(1)(D), Burch knew or could have discovered them through due diligence on June 5, 2015, or shortly thereafter. Burch was present at the evidentiary hearing when the issue of communicating the plea offers arose, and he testified that counsel did not inform him about those offers. (ECF No. 37-2 at 12.) Even if § 2244(d)(1)(D) applied, the one-year period for ground three would have started on or near that date, when Burch himself knew of the issue. The still-pending state post-conviction proceedings would have tolled the one-year period immediately under § 2244(d)(2). The one-year period effectively would have started the day after the issuance of the remittitur on November 15, 2016. Burch filed his Amended Petition on July 3, 2018. Ground three still would need to relate back to the initial, proper-person petition, but the initial petition contains no facts related to plea offers. Ground three is therefore untimely.

Burch argues that if he failed to develop the vital facts in state court, then that was the fault of post-conviction counsel and therefore the Court should excuse the untimeliness of ground three under *Martinez v. Ryan*, 566 U.S. 1 (2012). Under *Martinez*, the ineffective assistance of post-conviction counsel, or the absence of post-conviction counsel, can be cause to excuse the procedural default of a claim of ineffective assistance of trial counsel. The Supreme Court has made clear that *Martinez* extends no further than procedurally defaulted claims of ineffective assistance of trial counsel. *Davila v. Davis*, 137 S. Ct. 2058 (2017).

Rather than use a state-law procedural bar to deny the claim now in ground three, the state courts ruled on the merits of that ground. Ground three is therefore not procedurally defaulted due to application of state law; it is untimely under federal law. It is untimely because it does not relate back to the initial petition. It does not relate back to the initial petition because Burch himself, not his prior post-conviction counsel, did not include

///

the claim in the initial, proper person petition, even though Burch knew about the claim years before.

### 2.  As an ancillary matter, the Court will not reconsider its denial of Burch's motion for leave to conduct discovery

Burch had filed a motion for leave to conduct discovery. (ECF No. 22.) He wanted to obtain records from the prosecution's office, depose prosecutors, and conduct other discovery to find the details of the plea offers. The Court denied the motion. The Court reasoned that ground three appeared to be untimely and that it would not relate back to any facts in the initial petition. (ECF No. 28.) Discovery thus would be premature, and possibly futile, until Burch can demonstrate that ground three was timely. *Id.*

Burch has filed a motion to reconsider that order. (ECF No. 44.) He argues that when the Court denied that motion due to the possible untimeliness of ground three, the Court did not have the opportunity to consider whether discovery could result in the delayed accrual of the one-year period of limitation under 28 U.S.C. § 2244(d)(1)(D).

The Court sees no need to reconsider its prior order. As noted above, even with delayed accrual under § 2244(d)(1)(D), ground three still would be untimely. By the time that Burch commenced this action, he knew all that he needed to know to put the claim of ground three into his initial petition. The details of the plea offers would not change that.

### 3.  **Ground four is not timely**

Ground four of the Amended Petition claims that trial counsel provided ineffective assistance because trial counsel disclosed to the prosecution an unfavorable report on DNA by a retained defense expert, Norah Rudin. Burch argues that the ground relates back to grounds four and 14 of the initial petition. (ECF No. 43 at 10.) Initial ground four was a claim that trial counsel provided ineffective assistance by not hiring any experts, including a DNA expert. (ECF No. 7 at 15-17.[3]) Initial ground 14 is a claim that trial counsel

---

[3]In initial ground four, Petitioner also claimed that trial counsel did not employ psychologists and an investigator to examine the victim, but those facts have no relationship to amended ground four. (ECF No. 7 at 15-17.)

5

1 provided ineffective assistance by not employing an expert to counter the prosecution's expert witness on DNA. (ECF No. 7 at 33.) The facts in the initial petition are that counsel did not hire any experts. The facts in amended ground four are that counsel did hire an expert and then disclosed that expert's report to the prosecution. Not only does amended ground four not share a common core of operative fact with the initial petition, the facts in the Amended Petition about hiring an expert contradict the facts in the initial petition. Ground four does not relate back, and it is untimely.

### 4. Ground five is timely

In ground five of the Amended Petition, Burch claims that the prosecution committed misconduct by improperly admitting prior-bad-act evidence that it had previously agreed to redact. In that ground, Burch describes in detail what had happened. The police had interviewed P.R. who told the police that Burch had been violent with Shawna, that Burch had been in jail multiple times, and that P.R. and other children had called the police when Burch was violent with Shawna. The parties agreed to redact those statements before playing the recording of the interview to the jury. However, the redaction was incomplete, and the jury heard P.R. say that the children had called the police when Burch hurt Shawna. The prosecutor said that the statement was mistakenly unredacted, and the prosecutor admitted that she had not checked whether her staff had correctly redacted the recording. (ECF No. 19 at 20-21.) In initial grounds two and three, Burch alleged that the prosecution played recorded statements that were ordered to be redacted, that the prosecution knew that the statements had not been redacted, and that the prosecutor's response to that was "oops." (ECF No. 7 at 7, 12.) The Court is not persuaded by Respondents' argument that in those initial grounds Burch did not allege when the error occurred and what the inadmissible statements were. (ECF No. 50 at 7.) Only one incorrect redaction occurred in the trial. The facts that Burch alleged in initial grounds two and three are similar in time and type to the facts that Burch alleges in amended ground five. *See Mayle*, 545 U.S. at 650. Ground five relates back, and it is timely.

///

### 5. Ground six(C) is untimely

In ground six(C) of the Amended Petition, Burch claims that trial counsel did not try to locate, let alone call as exculpatory witnesses, two people known as Cheyenne and David. The Court is not persuaded by Burch's argument that this claim relates back to initial ground seven, which was a claim that the state failed to preserve exculpatory evidence. Among other unrelated matters, Burch alleged in initial ground seven:

> Why didn't detective Heidt seek out two really good witnesses? Detective Heidt should have sought out and questioned Cheyenne and David. Detective Heidt did not bother with either of them because they would have painted a totally different picture from what detective Heidt's witchhunt for an alleged sexual assault.

(ECF No. 7 at 24.) Burch alleges that although the claims are different, the operative facts are the same. (ECF No. 43 at 12-13 (citing *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013), *abrogated on other grounds by Davila v. Davis*, 137 S. Ct. 2058 (2017)).) The claims share one fact: Cheyenne and David might have provided information that was helpful to Burch. The similarities end there. The facts in initial ground seven involved a detective during the police investigation of the case. The facts in amended ground six(C) involves Burch's counsel during the preparation of the case. These facts are different in time and type. In a similar situation, the Ninth Circuit has held, "The core facts underlying the second theory are different in type from the core facts underlying the first theory," and determined that such a claim does not relate back. *Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012). Likewise, ground six(C) does not relate back, and it is untimely.

Respondents argue in the alternative that amended ground six(C) is untimely because the ground upon which Burch relies for relation back, initial ground seven, itself is unexhausted. They rely upon a peculiar statement in *Ha Van Nguyen*:

> A claim added to a timely filed habeas petition after the expiration of the statute of limitations is timely only if the new claim relates back to a properly filed claim contained in the original petition. To be properly filed, a claim must have been exhausted at the time of filing. *King v. Ryan*, 564 F.3d 1133, 1142 (9th Cir. 2009).

///

///

7

736 F.3d at 1296.[4] Burch counters that Respondents' argument is contrary to *Rhines v. Weber*, 544 U.S. 269 (2005), which held that, upon a showing of good cause, a district court may stay an mixed petition to allow a petitioner to exhaust all his grounds for relief without worrying about the one-year period of limitation. The Court need not try to reconcile *Ha Van Nguyen* with *Rhines*, because the Court has held that amended ground six(C) does not relate back to initial ground seven, regardless of the exhaustion of initial ground seven.

### 6. Ground eight is timely

Ground eight is a claim of ineffective assistance of appellate counsel. Burch argues that counsel on direct appeal should have raised "(A) the claim discussed in Ground Two, that Ms. Murga's testimony about Mr. King's DNA analysis violated Mr. Burch's Confrontation Clause rights; (B) the claim discussed in ground five, that the admission of P.R.'s improperly redacted statement violated Mr. Burch's federal right to due process; and (C) the claim discussed in Ground Nine, that the police failed to preserve potentially exculpatory evidence." (ECF No. 19 at 25-26.) Ground eight(A) shares the same operative facts as ground two. Ground eight(B) shares the same operative facts as ground five. Ground eight(C) shares the same operative facts as ground nine. Respondents do not challenge the timeliness of grounds two and nine, so grounds eight(A) and 8(C) relate back to the same facts in the initial petition that grounds two and nine relate back to.

---

[4]This is not the only peculiarity of *Ha Van Nguyen*. The Court takes judicial notice of the docket of the Ninth Circuit, Case No. 11-56792, and the docket of the United States District Court for the Central District of California, Case No. 8:08-cv-00198-JLS-FFM. The Ninth Circuit denied rehearing en banc on April 25, 2014. After remand, on May 20, 2014, the respondent Curry moved to stay the case pending a determination whether to petition the Supreme Court for a writ of certiorari. The district court denied the motion on May 27, 2014. On June 3, 2014, Ha Van Nguyen's counsel filed a motion to dismiss the petition as moot because Ha Van Nguyen had died. On June 10, 2014, the district court directed Curry to show cause why the petition should not be dismissed as moot. On June 16, 2014, Curry filed a response that did not oppose the request to dismiss the petition. On June 30, 2014, the district court dismissed the petition as moot because of the death of Ha Van Nguyen. *See Griffey v. Lindsey*, 349 F.3d 1157 (9th Cir. 2003). *Accord*, *Farmer v. McDaniel*, 692 F.3d 1052 (9th Cir. 2012). The time to petition for a writ of certiorari had not yet expired before the district court dismissed the petition as moot. To the best of this court's knowledge, nobody sent the Ninth Circuit the information that the petition had become moot by the petitioner's death.

Respondents have challenged the timeliness of ground five, but the Court has found that it relates back to grounds two and three of the initial petition. Ground eight(B) thus also relates back to grounds two and three of the initial petition. *See Ha Van Nguyen*, 736 F.3d 1297.

Respondents argue that *Ha Van Nguyen* conflicts with the earlier *Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012), and that *Schneider* should control. (ECF No. 50 at 10.) The Court disagrees. The Court has discussed the relevant part of *Schneider* regarding the untimeliness of ground six(C). In both ground six(C) and that part of *Schneider*, only one fact was common between the initial ground and the amended ground. Otherwise, the actors were different, their actions were different, and the times of the actions were different. As *Schneider* stated, "The core *facts* underlying the second theory are different in type from the core facts underlying the first theory." 674 F.3d at 1151 (emphasis added). In contrast, as noted above, the three issues in ground eight that Burch claims appellate counsel should have raised share the same core facts with claims in the initial petition. Consequently, *Ha Van Nguyen* is applicable, and *Schneider* is inapplicable to ground eight.

### 7. Ground 10 is timely

Ground 10 is a claim of cumulative error, based upon the claims in grounds one, two, and five. (ECF No. 19 at 27-28.) Respondents argue that ground 10 is not timely because it relies upon ground five, which they argue is untimely. However, the Court has found that ground five is timely. All the claims upon which ground 10 relies are timely, and thus ground 10 is timely.

### B.     EXHAUSTION

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the

///

opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

### 1. Burch's arguments for technical exhaustion, procedural default, and the excuse of that procedural default

In the Amended Petition, Burch acknowledges that he has not exhausted his state-court remedies for grounds two, five, six(A), six(B), six(D),[5] eight, nine, and 10. In response to Respondents' motion to dismiss, Burch argues that the Court should consider these grounds technically exhausted. He argues that lacks an available remedy in state courts because they would find his petition time-barred and successive. (ECF No. 43 at 15.) Burch then states that the grounds would be procedurally defaulted in this Court. However, Burch argues that he can show cause to excuse the procedural default due to the ineffective assistance of post-conviction counsel, "based upon principles related to *Martinez v. Ryan*, 566 U.S. 1 (2012)." *Id.* Burch then notes that Nevada does not accept the argument for cause under *Martinez*. *Id.* (citing *Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014)). Consequently, Burch argues, this court can excuse the procedural default of grounds two, five, six, eight, nine, and 10, and review those grounds on the merits.

Other than *Martinez*, Nevada's standards for cause and prejudice to excuse the procedural bars of NRS §§ 34.726(1) and 34.810(2) are functionally identical to the federal standards for cause and prejudice to excuse a procedural default. *Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004).

### 2. *Martinez* and its limits

The general rule is that a habeas corpus petitioner has no right to, and thus no right to the effective assistance of, post-conviction counsel. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)). *Martinez* created an equitable exception to that rule for procedurally defaulted claims of ineffective assistance of trial counsel. *Martinez*, 566 U.S. at 14. That exception applies where either the state

---

[5]Respondents actually argue that all of ground six is not exhausted, but the Court is dismissing ground six(C) because it is untimely.

1 court did not appoint counsel in the initial-review collateral proceeding for a claim of
2 ineffective assistance at trial, or where appointed counsel in the initial-review collateral
3 proceeding—at which the claim should have been raised—was ineffective under the
4 standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* To overcome the default,
5 a prisoner must demonstrate that the underlying ineffective-assistance-of-trial-counsel
6 claim is a substantial one—that the claim has some merit. *Id.* (citation omitted). *Martinez*
7 "does not concern attorney errors in other kinds of proceedings, including appeals from
8 initial-review collateral proceedings, second or successive collateral proceedings, and
9 petitions for discretionary review in a State's appellate courts." *Id.* at 16. *Coleman* still
10 applies in those situations. *Id. Martinez* does not apply to procedurally defaulted claims of
11 ineffective assistance of counsel on direct appeal. *Davila v. Davis*, 137 S. Ct. 2058 (2017).

### 3. *Martinez* does not apply to all the procedurally defaulted grounds

Grounds six(A), six(B), and six(D) are claims of ineffective assistance of trial counsel. *Martinez* can apply to these grounds. Ground eight contains claims of ineffective assistance of appellate counsel. *Martinez* does not apply to ground eight. *See Davila*, 137 S. Ct. at 2063. Burch acknowledges *Davila*, disagrees with it, and is preserving the issue for further review. (ECF No. 43 at 18.) Grounds two, five, and nine are not claims of ineffective assistance of trial counsel. *Martinez* does not apply to them. Ground 10 is a claim of cumulative error that refers to grounds one, two, five, and 9, all of which are not claims of ineffective assistance of trial counsel. *Martinez* does not apply to ground 10.

Burch argues that if he can demonstrate cause and prejudice under *Martinez* to excuse the procedural default of grounds six(A), six(B), and six(D), then those grounds can be cause to excuse the other procedurally defaulted grounds. Burch's legal theory is sound, but it does not apply to all the procedurally defaulted grounds, as the Court will explain below.

///

///

### 4   The Court will defer its procedural-default ruling on ground six

With grounds six(A), six(B), and six(D), the Court prefers to address these matters in the same manner that it often does when a claim of cause and prejudice is based upon an independent claim of constitutionally ineffective assistance of either trial or appellate counsel. In such circumstances, the Court often defers a resolution of the cause-and-prejudice analysis until after the filing of an answer and reply contingently addressing the claims also on the merits, so that the Court may have the benefit in its analysis of a full factual and legal presentation as to all relevant claims. That is the procedure that the Court will follow herein.

### 5.   If Burch can demonstrate cause to excuse the procedural default of ground six(A), then ground six(A) can because to excuse the procedural default of ground two

In ground two, Burch alleges that Craig King performed DNA testing on evidence and produced a report. Kimberly Murga signed the report as a reviewer. Burch further alleges that King did not testify at trial; Murga did testify about the contents of the report. This, Burch claims, violated the Confrontation Clause of the Sixth Amendment because Burch had no opportunity to cross-examine King. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009); *Crawford v. Washington*, 541 U.S. 36 (2004). Ground six(A) is a claim that trial counsel provided ineffective assistance because trial counsel did not make this Confrontation-Clause objection at trial.

When a constitutional claim is procedurally defaulted, and the petitioner tries to demonstrate cause by claiming ineffective assistance of counsel, the claim of ineffective assistance of counsel itself must not be procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). However, if the petitioner can demonstrate cause and prejudice to excuse the procedural default of the claim of ineffective assistance of counsel, then the claim of ineffective assistance of counsel can be cause to excuse the procedural default of the constitutional claim. *Id.*

Burch argues that if he can demonstrate cause to excuse the procedural default of ground six(A), then the ineffective assistance of counsel alleged in ground six(A) can

excuse the procedural default of ground two. (ECF No. 43 at 28.) Respondents counter that this would be an impermissible expansion of *Martinez* to bypass procedural bars of other claims. (ECF No. 50 at 13 (quoting *Davila*, 137 S. Ct. at 2609).) However, *Davila* held that *Martinez* did not extend to procedurally defaulted claims of ineffective assistance of appellate counsel. *Davila* did not purport to overturn or limit *Carpenter*, which noted that the excuse of a procedurally defaulted claim of ineffective assistance of counsel can then excuse the procedural default of a constitutional claim. The Court sees no principled reason why to give an excuse of a procedural default by *Martinez* any less effect than any other excuse of a procedural default.

The Court will treat the procedural default of ground two the same way that it will treat the procedural default of grounds six(A), six(B), and six(D). The Court will defer the ruling on the procedural default until after the filing of an answer and reply that contingently address the merits of ground two.

### 6. Neither *Martinez*, by itself or in conjunction with *Carpenter*, can excuse the procedural default of the other unexhausted grounds

Ground five is a claim that the prosecution committed misconduct by playing an incorrectly redacted recording of the police interview of P.R., which allowed the jury to hear about some of Burch's prior uncharged misconduct. Ground nine is a claim that the prosecution failed to preserve potentially exculpatory evidence. Ground 10 is a claim of cumulative error that relies upon grounds one, two, and five.

The remaining claims of ineffective assistance of trial counsel have no connection to grounds five, nine, and ten. Ground six(A) is a claim that trial counsel failed to raise the Confrontation-Clause issue described in ground two. Ground six(B) is a claim that trial counsel failed to object to the lack of statutorily-required notice about the prosecution's intent to introduce the recording of P.R.'s interview by police. Ground six(D) is a claim that trial counsel failed to adequately cross-examine the mother of P.R. Even if the Court could excuse the procedural default of grounds six(A), six(B), and six(C), those grounds could not excuse the procedural defaults of the unrelated grounds five, nine, and 10.

Ground eight(A) is a claim that appellate counsel failed to raise on direct appeal the claim in ground two—that Burch's Confrontation-Clause rights were violated when Murga testified about the results of the DNA test that King had performed. Ground eight(B) is a claim that appellate counsel failed to raise on direct appeal the claim in ground five, regarding the admission of the incorrectly redacted recording of P.R. that let the jury hear about some of Burch's prior uncharged misconduct. Ground eight(C) is a claim that appellate counsel failed to raise on direct appeal the claim in ground nine, that the prosecution failed to preserve potentially exculpatory evidence. If Burch can demonstrate cause and prejudice to excuse the procedural default of ground eight, then ground eight could be cause to excuse the procedural default of grounds two, five, and nine. *See Carpenter*, 529 U.S. at 453. However, Burch's only argument for cause and prejudice is the ineffective assistance of post-conviction counsel under *Martinez*, and *Martinez* does not apply to procedurally defaulted claims of ineffective assistance of appellate counsel. *Davila*, 137 S. Ct. at 2063. Consequently, ground eight cannot excuse the procedural default of grounds two, five, and nine.[6]

### 7. Burch will need to choose what to do with the unexhausted grounds

Burch asserts that the Nevada state courts will apply the procedural bars of NRS §§ 34.726(1) and 34.810(2). The Court agrees. He further insists that the Nevada state courts will not accept the argument for cause and prejudice that he presents here, namely, *Martinez v. Ryan*. Again, the Court agrees. What Burch does not state is that *Martinez* is his *only* argument for cause and prejudice. If it is, then the Court would dismiss grounds five, eight, nine, and 10, because *Martinez*, either by itself or in conjunction with *Carpenter*, could not excuse the procedural default. Instead, the Court will give Burch a choice. He can dismiss the unexhausted grounds five, eight, nine, and 10. If he has other arguments for cause and prejudice, then he can move to stay the action under *Rhines v. Weber*, 544

---

[6] Independent of ground eight, ground six(A) might excuse the procedural default of ground two.

14

1    U.S. 269 (2005). Otherwise, if there is some other relief that Burch wants, he can move for that.

**IV.    CONCLUSION**

It is therefore ordered that Respondents' motion to dismiss (ECF No. 34) is granted in part and denied in part. Grounds three, four, and six(C) of the Amended Petition (ECF No. 19) are dismissed as untimely.

It is further ordered that Petitioner shall have 30 days from the date of entry of this order to file a motion for dismissal without prejudice of the entire Petition, for partial dismissal of grounds five, eight, nine, and 10, or for other appropriate relief. Within 10 days of filing such motion, Petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested. Failure to comply with this order will result in the dismissal of this action.

It is further ordered that Petitioner's motion for reconsideration (ECF No. 44) is denied.

DATED THIS 26th day of March 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE